IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JAIME ENRIQUE OLIVARRIA-LORA,<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No.  2:08CV685DAK |

　　　　This matter is before the court on Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255.  On June 14, 2006, Petitioner pleaded guilty to Count I of the Indictment.  On September 6, 2006, Petitioner was sentenced by Judge Paul G. Cassell to 168 months imprisonment in the custody of the Bureau of Prisons, followed by 60 months of supervised release.

　　　　Under Petitioner's June 14, 2006 Statement in Advance of Plea, Petitioner waived his right to appeal.  Nonetheless, on September 21, 2006, Petitioner filed a Notice of Appeal.  His attorney filed a brief with the Tenth Circuit pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), stating his belief that there were no meritorious grounds upon which Petitioner could appeal because he entered into a valid waiver of his right to appeal and the district court had sentenced Petitioner within the guideline range established by his criminal history and offense level.  Petitioner did not file his own response.  On September 26, 2007, the Tenth Circuit issued an Order concluding that Petitioner had waived his right to appeal under *United States v. Hahn*,

359 F.3d 1315, 1325 (10th Cir. 2004).

Petitioner timely filed his pro se motion under 28 U.S.C. § 2255.  However, Petitioner also waived his right to bring such a motion in his plea agreement.  In his June 14, 2006 Statement in Advance of Plea, Petitioner agreed as follows: "I also knowingly, voluntarily, and expressly waive my right to challenge my conviction, my sentence, or the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255."

The Tenth Circuit has held such waivers valid and enforceable with regard to collateral attacks.  *United States v. Elliott*, 264 F.3d 1171 (10th Cir. 2001); *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001)("[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made.").  There is an exception to the rule for challenges claiming ineffective assistance of counsel with respect to entering the plea or negotiating the agreement.  *Cockerham*, 237 F.3d at 1183.

Petitioner's motion claims that his counsel deprived him of his Sixth Amendment right to effective assistance of counsel because he deprived him of his right to file a direct appeal and his Fifth Amendment right to due process.  Under these broad claims, Petitioner makes varied arguments which the court will address in turn.  However, in general, to demonstrate that his counsel was ineffective, Petitioner must show: "(1) his counsel's performance was constitutionally deficient, and (2) his counsel's deficient performance was prejudicial."  *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995); *United States v. Glover*, 97 F.3d 1345, 1349

(10th Cir. 1996) (applying standard to sentencing proceedings and plea hearings).

First, Petitioner argues that the appeal waiver cannot serve to preclude argument on the issues raised in his motion and, in the alternative, the waiver was not validly entered. The Tenth Circuit has already determined in its September 26, 2007 Order that the appeal waiver in this case was valid. The Tenth Circuit concluded, based on its independent review of the record, that the appeal fell within the scope of the waiver, the waiver was knowing and voluntary, and the enforcement of the waiver did not result in a miscarriage of justice. This court is bound by the Tenth Circuit's determination of the waiver issue. In addition, the court notes that Petitioner had an opportunity to file a response to his counsel's *Anders* brief with the Tenth Circuit, but he did not do so. Petitioner makes no new factual allegations that would indicate that the waiver was not knowingly and voluntarily entered.

Next, Petitioner argues that his counsel deprived him of a beneficial plea agreement and direct appeal. Petitioner contends that he had a strong case for suppressing the evidence relating to the firearm enhancement and that his counsel did not get any "bargain" with a 168-month sentence. Despite Petitioner's contentions, the evidence presented to the trial court does not support any basis for the suppression of evidence. The police officers located the handguns and drugs pursuant to a valid search warrant. The drug operation in which Petitioner was involved had been the focus of a prolonged investigation. Based on the briefing of the gun enhancement issue before the trial court, there was no basis for suppressing any of the evidence presented by the government.

Furthermore, with respect to the application of the gun enhancement, Petitioner's counsel

made all of the arguments available to Petitioner in the face of strong evidence from the government.  Petitioner had been observed by an informant carrying guns while engaging in gun trafficking.  When the search warrant was executed, Petitioner was located in the garage along with a substantial quantity of drugs.  While Petitioner's counsel attempted to argue that Petitioner's location in the garage was too removed from the house or bedroom in which the guns were located, the court had to weigh all of the evidence in making the determination.  The evidence showed that documents in the room where the guns were found had Petitioner's name on them, his co-defendant stated that he lived at the home with Petitioner and Petitioner owned the guns, and Petitioner had been observed coming and going from the house.  The government easily met its burden that the guns and drugs were in the same general location because of the garage's relationship to the house and the obvious connection of the house and the garage in the drug operation.  Petitioner's counsel attempted to dispute that connection, but it was not persuasive.  In addition, given the weight of evidence against Petitioner, his counsel could not establish that it was clearly improbable that the weapon was connected with the offense.  The prior observations of Petitioner carrying a gun while engaging in drug trafficking, the quantity of drugs found at the location, and his associations with a known "enforcer" demonstrated that Petitioner and his drug organization used force and weapons in their business.  On this issue, it is clear that Petitioner's counsel raised all of the arguments he could in Petitioner's defense.  Therefore, the court concludes that there is no basis for an ineffective assistance of counsel claim with respect to the application of the gun enhancement or the potential suppression of evidence on that issue.

Petitioner claims that his counsel did not get a "bargain" with a 168-month sentence. However, the Statement in Advance of Plea demonstrates that Petitioner did receive a bargain. He received a reduction for acceptance of responsibility, an agreement by the government not to supersede the indictment with a firearms offense under 18 U.S.C. § 924(c), an agreement not to seek an indictment against Petitioner for conduct set forth in an Ogden Police Department case or for activities identified by the Weber Morgan Narcotics Strike Force, and an agreement to recommend a sentence at the low end of the guideline range. These agreements dramatically shortened Petitioner's sentence and do not demonstrate deficient performance on behalf of his defense counsel.

## CONCLUSION

Based on the above reasoning, Petitioner's motion under 28 U.S.C. § 2255 is DENIED and his case is DISMISSED.

DATED this 20th day of October, 2008.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge